**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Clifford, | No. CV-20-02283-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Extend the Summons and For Alternative Service as to Jeffrey Benson. (Doc. 36.) Plaintiff requests an order authorizing alternative service of Defendant Jeffrey Benson by certified mail. (*Id.* at 4.)

I.

On November 25, 2020, Plaintiff initiated this lawsuit alleging negligent violation of the Fair Credit Reporting Act and willful violation of the Fair Credit Reporting Act by Equifax. (Doc. 1.) Plaintiff filed a Motion to Amend the Complaint to add a new defendant, Jeffrey Benson, May 25, 2021. (Doc. 21.) Plaintiff filed an Amended Complaint (Doc. 25) on June 11, 2021, adding allegations of fraud and misrepresentation, breach of contract, and intentional infliction of emotional distress by Jeffrey Benson. (Doc. 25 at 9–13.) This Court issued a summons for Benson on June 14, 2021. (Doc. 27.)

Plaintiff learned that Benson does not reside at 3323 Heritage Dr, Fort Wayne, IN 46806, the address listed on the summons. (Doc. 36 at 2.) Plaintiff then submitted requests for a change of address with the Postmasters of Fort Wayne, Indiana; Phoenix, Arizona;

and Mesa, Arizona to obtain Benson's current address. (Doc. 36, Exhibits 1–3.) The Postmasters in Fort Wayne and Phoenix could not supply a current address for Benson. (Doc. 36, Exhibits 1–2.) But the Mesa Postmaster replied to the request, "[n]o change of address on file." (Doc. 36, Exhibit 3.) Plaintiff attempted to serve Benson at the Mesa address six times on five different dates. (Doc. 36, Exhibit 4–5.) Each of these attempts was unsuccessful. (*Id.*) Each time, the process server was either told there was no one living at the residence by the name Jeffrey Benson or no one was home when service was attempted. (*Id.*) Plaintiff believes alternative service through certified mail would accomplish the same result as personal service and is reasonably calculated to give Benson actual notice of this lawsuit. (Doc. 36 at 4.) Thus, Plaintiff moves this Court for an order, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.1(k) of the Arizona Rules of Civil Procedure, allowing alternative service.

II.

The Federal Rules of Civil Procedure provide that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates several sufficient methods to serve individuals. Ariz. R. Civ. P. 4.1(d). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another manner." *Id.* 4.1(k)(1).

"There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly Rule 4.1(m)). In *Blair*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence." *Id.* at 218 ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). The appellate court deemed personal service to be impracticable in *Blair* because the plaintiff attempted service at the defendants' place of business and residence at various times on five different days and visited the defendants'

place of business on seven additional days, but the defendants were not present. *Id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

### III.

In this case, Plaintiff has made the requisite showing to justify alternative service. Based on the address the Mesa Postmaster identified as "[n]o change of address on file," Plaintiff believes Defendant Benson may reside at the specified residence in Mesa, Arizona. (Doc. 36 at 2, Doc. 36, Exhibits 3.) Service was attempted six times on five different dates. (Doc. 36, Exhibits 4–5.) And on all those occasions, the process server was either told there was no one living at the residence by the name Jeffrey Benson or there was no one home when service was attempted. (*Id.*) Thus, the Court finds the "impracticable" requirement of Rule 4.1(k) to be satisfied.

Because alternative service of process is appropriate, the Court must determine whether Plaintiff's proposed method of alternative service comports with "constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiff's proposed method of alternative service includes service by certified mail. Under Arizona Rule 4.1(k)(2), if alternative service is allowed, "the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Plaintiff knows Defendant Jeffrey Benson's last-known residential address. Thus, there is a strong indication that service by certified mail would apprise Defendant Benson of the pendency of this action and afford them the opportunity to present their objections. *Rio Props. Inc.*, 284 F.3d at 1016.

### IV.

For the reasons stated,

**IT IS ORDERED granting** Plaintiff's Motion to Extend the Summons and for Alternate Service as to Jeffrey Benson (Doc. 36). Plaintiff may serve the Summons, Complaint, and a copy of this Order on Defendants, and each of them, by certified mail to Jeffrey Benson. Plaintiff's deadline to serve Defendants by alternative means is **November 8, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit within five (5) days of the completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 9th day of September, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge